## HARRISON et al. v. MANVEL OIL CO. et al.

### No. 4103.

Court of Civil Appeals of Texas. Beaumont.

Sept. 30, 1943.

Rehearing Denied Nov. 4, 1943.

J. C. Matthews and Frank Dougharty, both of Liberty, and Walter C. Clemons, of Houston, for appellants.

E. B. Pickett and Thos. J. Hightower, both of Liberty, and Sewell, Taylor, Morris & Connally and Vinson, Elkins, Weems & Francis, all of Houston, for appellees.

O'QUINN, Justice.

This is an action in trespass to try title involving a triangular strip of land containing 1.97 acres of land in the Chas. Underton Survey in Liberty County, Texas. A producing oil well is located on the land involved. The appellants were plaintiffs in the trial court. They pleaded the statutory form of trespass to try title action, including statutes of limitation, and the defendants answered by general demurrer, general denial, plea of not guilty, and specially plead the several statutes of limitation against appellants' right to recover. The defendant Manvel Oil Company disclaimed as to the land involved, and was discharged from the suit.

The cause was tried to the court without a jury, and judgment rendered in favor of the defendants. Findings of fact and conclusions of law were requested by appellants, and found and filed by the court. Said findings are:

"This is a trespass to try title suit, involving a tract of land in the Charles Underton Survey in Liberty County containing 1.97 acres of land, and is a part of the same 20 acre tract of land which was involved in a prior suit in this same court styled 'L. P. Palmer et ux. v. Gulf Production Company', No. 5465 on the docket of this court, and which cause was appealed by Gulf Production Company, et al to the Court of Civil Appeals at Beaumont, such cause being entitled in said appellate court 'Gulf Production Company et al. v. Palmer et al.', the opinion of the Court of Civil Appeals being found in 230 S.W. 1017.

"II. I find that the 20 acre tract of land sued for by Palmer and wife in said cause No. 5465 contained exactly 20 acres, it being composed of, as stated in the opinion of said appellate court written by Judge Walker, 'the two tracts theretofore deeded to him by Moore and enough additional land lying North of these two tracts to make exactly the 20 acres', the 20 acres involved being definitely identified and located on the ground as lying immediately North of and adjoining the South line of the Charles Underton Survey, which is hereinafter referred to as the Partlow line.

"III. I find that the two tracts of land, referred to in the appellate court's opinion

as being 'the two tract of land theretofore deeded' by Moore to Palmer, are the tract of 13.28 acres in the Underton Survey included in the deed executed by J. J. Moore to L. P. Palmer by deed dated July 22, 1885, and a tract of 5.2 acres in the Underton Survey conveyed by the same grantor to Palmer by deed dated January 4, 1908, and that in locating the South line of the Underton Survey, which is the South line of said two tracts of land, the surveyor, Partlow, fixed and located said South line of the Underton Survey at that point and place upon the ground which is 100 varas South from the undisputed N. E. Corner of the tract of land conveyed by Moor to Palmer by said deed of date July 22, 1885, and as located by said surveyor, Partlow, said South line of the Underton Survey extends from said point on a course of S. 80 deg. 10' W., it being the line which on the map prepared by said surveyor, Partlow, is identified by the wording (on the North side of said line) 'South line Chas. Underton Survey', and on the South side of said line by the wording 'North line Jesse Devore League'. And, further, I find that when the above mentioned deed from Moor to Palmer of date July 22, 1885, was executed, the parties thereto and the surveyor who at that time located upon the ground the tract of land conveyed to Palmer by said deed (called therein to be 60 acres) actually understood, regarded and accepted as the location of the true location of the South boundary line of the Underton Survey and the true location of the North line of the Devore League at that time the same line which Partlow located as the true location of the South boundary line of the Underton Survey and the North boundary line of the Devore League, and which is delineated and identified upon the map Partlow prepared, as above stated.

"IV. I find that in 1918 H. O. Compton, County Surveyor of Liberty County, upon request made of him by Palmer, surveyed the entire area of land then claimed by Palmer in both the Devore League and Underton Survey, and found the actual acreage thereof to be 69.35 acres, and that the North 20 acres thereof is the 20 acre tract which Palmer and wife sued for in said Cause No. 5465. Also, I find that when Compton made said survey he treated and regarded and accepted as the true location of the South line of the Underton Survey the same line heretofore identified as the Partlow line, and which, so I find, Compton located 100 varas South of the N.E. corner,

as originally fixed, of the 60 acre tract of land conveyed by Moor to Palmer by said deed of date July 22, 1885. I further find that the N.E. corner of said acre tract as located by the surveyor who surveyed the tract and made the field notes therefor at the time said tract of land was deeded by Moor to Palmer in 1885 was fixed and placed by him at a point 100 varas North of the line on the ground that he accepted and regarded and actually located as the South line of said Underton Survey and likewise the North line of the Devore League.

"V. I find that at the time the surveyor Compton surveyed and located the tract of 69.35 acres referred to the South line which he accepted and located as being the true original line of the Underton Survey was an old marked line, and at that time an original bearing tree at said N.E. corner of the 60 acre tract conveyed by Moor to Palmer on July 22, 1885, as located and marked by the surveyor who furnished the field notes for the description written into said deed, was still standing, and I also find that the stump of the pine tree called for as a witness tree at said corner is still there on the ground, and that in this suit there is no controversy between the parties hereto as to the actual location of said corner upon the ground.

"VI. I find that when said suit of Palmer et ux. v. Gulf Production Company et al., No. 5465, was filed in this Court, and tried therein, and when same was heard and disposed of by the Court of Civil Appeals, that all parties and the courts regarded and understood that the area of land involved in said suit was exactly 20 acres of the Charles Underton Survey, as above identified, and dealt with, treated and regarded that area of 20 acres as the tract of land which was in controversy, and the Court of Civil Appeals in reversing the judgment of the trial court and rendering judgment, adjudged and decreed, by its judgment, to the plaintiffs exactly 13.28 acres of land out of said 20 acre tract, and adjudged and decreed to the defendants the remaining 6.72 acres thereof, the fact in this connection further being, so I find, that the opinion of Judge Walker states the express finding of said appellate court to be that 'appellants disclaimed as to the 13.28 acres of land conveyed to Palmer by Moor by deed dated the 22nd day of July, 1885, and, by appropriate pleas, put in issue the title to the remaining 6.72 acres claimed by plaintiff in his petition.' I further find

that the 1.97 acre tract of land in controversy in this suit, as actually located on the ground, is a part of the above referred to and identified tract of 13.28 acres which was actually involved, litigated and adjudged to Palmer and wife by the Appellate Court judgment above referred to.

"VII. (a) I find that the South line of said tract of 13.28 acres adjudged and decreed to Palmer and wife by the Court of Civil Appeals was understood, regarded and accepted as being the South line of said Underton Survey, which is the South line of said survey as located by surveyor Partlow, and above identified as the Partlow line, the said line also being the same line as located upon the ground by surveyor Compton, and the surveyor who surveyed for Moor and Palmer the tract of land described in the deed from Moor to Palmer of date July 22, 1885, at the South line of the Underton Survey.

"(b) I find that the said tract of 13.28 acres of land adjudged and decreed to Palmer and wife by the Court of Civil Appeals is that part of the Underton Survey which was conveyed by Moor to Palmer by said deed of date July 22, 1885, and that the N.E. corner of said 13.28 acre tract is in fact the corner fixed and established as and for the N.E. corner of the tract of land (called to be 60 acres) conveyed to Palmer by said deed in 1885, and that the North line of said 13.28 acre tract as adjudged and decreed to Palmer and wife by the judgment of the Court of Civil Appeals extends West from said corner S. 80 deg. 10' W., and is the same line as fixed and located upon the ground as the North line of said 60 acre tract when Moor conveyed said tract to Palmer in 1885, and length of said line being, so I find, 747 varas.

"(c) In the same connection, I further find that the western end of said line is at the point upon the ground where the original N.W. corner of said 60 acre tract was actually placed when surveyed for Moor and Palmer in 1885, and at that time identified by a hog-haw tree, as called for in said deed from Moor to Palmer of date July 22nd, 1885.

"VIII. I further find that the N.W. corner of the 60 acre tract as conveyed by Moor to Palmer in 1885 called for a hog-haw 4" in diameter, marked X, bears S. 27½ W 2 varas; that said hog-haw has now disappeared, but it did stand at said point for many years, and I find that the said hog-haw stood slightly N.W. of the Campbell Well No. 1 involved in this suit, and that said N.W. corner of the 60 acre tract as located by reference to the hog-haw called for in the original deed is 100.9 varas North 10 deg. W. from the Partlow south line of the Underton Survey; further I find that said original location of such corner is now indicated and identified by a letter 'X' which the surveyor Partlow marked in the concrete paved highway.

"IX. I further find that when the said case of Palmer et ux v. Gulf Production Company, et al. was heard, considered and disposed of, both in this court and the Appellate Court, that all the parties thereto and the courts understood, regarded and recognized the location on the ground of the 13.28 acres adjudged to Palmer in that case to be immediately North of and adjoining the south line of the Underton Survey as located by the surveyor Partlow in this suit, and that after said judgment became final, Palmer asserted and continued to assert claim to and ownership of said 13.28 acre tract which includes the 1.97 acres in controversy in this suit, and that his assertion of claim and ownership and use and control of said tract of 13.28 acres was such as to charge the plaintiffs with knowledge thereof.

"X. I further find that all parties in said suit No. 5465, Palmer et ux. v. Gulf Production Company et al., subsequent to the rendition of final judgment therein, recognized and acquiesced in as being the North line of the 13.28 acres adjudged and decreed to Palmer and wife by said Appellate Court judgment, the line which the surveyor Partlow surveyed and located as and for the north line of said tract, such line being the line that runs from the conceded N.W. corner of the 60 acre tract conveyed by Moor to Palmer in 1885 South 80 deg. 10' West 747 varas, and so outlined and identified on the Partlow map which is Defendants Exhibit 13.

"XI. I further find that the acts and conduct of the Plaintiffs in this case, and who were defendants in the said suit No. 5465, Palmer et ux v. Gulf Production Company et al., both during the trial of that case and subsequent to final judgment in this cause, constituted their construction and interpretation of the effect of such judgment, and their construction and interpretation of what area of land was dealt with therein such construction and interpretation being that the land in controversy

in this suit is included and embraced within the 13.28 acre tract of land adjudged to Palmer and wife by said Appellate Court judgment.

"XII. I find that in the trial of the case of Palmer et ux. v. Gulf Production Company et al., H. O. Compton, a reputable surveyor, testified as to the true location of the south line of the Underton Survey, and his testimony in that case, which was undisputed, located on the ground as the South line of the Underton the same line that Partlow testified in this case was the South line of the Underton; and I further find that this was the only South line of the Underton Survey, that was before the trial court and the Court of Civil Appeals in the case of Palmer et ux. v. Gulf Production Company et al.

"XIII. I find, from a preponderance of the evidence in this case, that the true North line of the Devore League and South line of the Underton Survey, is the line referred to in the testimony as Weed's line, and which is delineated and identified on the Partlow map as 'line run from Weed's N.E. cor. Devore through Jackson Cor.' In this connection, however, I also find that over a long period of years there existed as to the location of the true North line of the Devore League and south line of the Underton Survey a controversy and dispute, and during that period of time the actual location of said line was uncertain and in doubt and dispute, and such uncertainty, dispute and controversy as to the true location of said line involved not only a dispute between the two lines which in this suit are designated as the Partlow line and the Weed line, but, in addition to such two claimed locations, some two or three other locations have been urged and contended for as being the correct location of the true North line of the Devore League, and true South line of the Underton Survey, such uncertainty and dispute as to the true location of said line extending back to some time prior to July 22nd, 1885.

"XIV. In view of the foregoing findings and the evidence in the case, I further find as a fact that there is a latent ambiguity in the description of the land described in the Court of Civil Appeals judgment, in the case of Palmer et ux. v. Gulf Production Company et al. as applied to the actual area and location of said tract of land upon the ground.

"XV. I find that after the judgment of the Appellate Court in said cause styled Gulf Production Company, et al. v. L. P. Palmer et al. in said court, became final, L. P. Palmer and his wife themselves and through tenants actually resided upon, occupied, used and enjoyed the old home premises located upon the tract of 13.28 acres of land adjudged to Palmer and wife by said Appellate Court judgment, continuously, peaceably and exclusively, until the filing of this suit, and during that continuous period of time, Palmer and wife claimed said 13.28 acre tract of land adversely and hostile to all others, and during the same period continued to claim as the north line of said 13.28 acre tract of land the line on the ground as located by the surveyor Partlow and shown on the Partlow map as extending West from the undisputed Northeast corner of said tract on a course of South 80 deg. 10′ West a distance of 747 varas to corner, I further find, however, that the 'old home premises' above referred to did not actually extend upon or include any part of the 1.97 acre tract sued for by plaintiffs in this case, and that no part of said 1.97 acre tract has been actually occupied, enclosed, used or enjoyed by Palmer and wife for any continuous period of as long as five years subsequent to the date that said Appellate Court judgment became final.

"XVI. In the event and only in the event none of the foregoing findings of fact support the judgment in favor of the Defendants upon conclusions of law as hereinafter stated, I find the plaintiffs have the record title to the 1.97 acres of land in controversy. I also find that in such event and only in such event the plaintiffs would have title to the 1.97 acres of land in controversy under and by virtue of the ten year statute of limitations of this state.

"Conclusions of Law.

"I. I conclude, as a matter of law, that the fee simple record title to the 1.97 acre tract of land in controversy in this suit is vested in the defendants herein and that the plaintiffs have shown no title thereto.

"II. I conclude, as a matter of law, that the plaintiffs in this case are estopped from contending that the South line of the Charles Underton Survey as actually located upon the ground by the surveyor Partlow is not the same South line of the said Survey that was understood, regarded, ac-

cepted and adjudicated to be the South line of said survey in the said Cause No. 5465, Palmer et ux. v. Gulf Production Company et al.

"III. I conclude that if I am correct in the conclusions above stated, that the fee simple record title to said 1.97 acre tract of land is vested in defendants, then it follows that the defendants have also established a title to said tract of land under the ten years statute of limitation, and I so conclude; on the other hand, if the fee simple record title to said tract of land does not vest in defendants as I have above concluded, then no title thereto vests in defendants under any statute of limitation.

"IV. I conclude that if I am correct in any of the foregoing conclusions of law, the plaintiffs have neither legal nor equitable record title to the 1.97 acre tract in controversy; on the other hand, if all the said conclusions of law are incorrect, then in that event and only in that event, I conclude plaintiffs have the record title, legal and equitable, as well as by the ten year statute of limitations, to the 1.97 acre tract in controversy.

"Thos. B. Coe
"Judge Presiding."

Appellants base their appeal on 25 points of error. In their brief about fifty per cent of these assignments of error are said to be error because there was no evidence to support such finding. We have carefully considered the record consisting of three large volumes of statements of facts, including many instruments and numerous sketches and maps and we think the evidence abundantly supports each and every finding made by the court, and so we overrule each and every point or assignment challenging the sufficiency of their support in the evidence.

■ The record reflects that there had been several suits involving portions of the land in the Underton survey prior to the instant suit. That one of these suits, cause No. 5465, styled L. P. Palmer et ux. v. Gulf Production Company, involved exactly 20 acres of land a portion of the Underton survey, which 20 acres was recognized as the property of L. P. Palmer et ux., and was so recognized in the instant suit. Now this 20 acres of land contained or embraced a smaller tract of 13.28 acres, also a portion of the Underton survey, which was admitted by appellants to be the property of L. P. Palmer and wife. In the trial of the in-

stant case it became a question as to whether the 1.97 acres, a portion of the Underton survey, and the land in controversy, was situated in the 13.28-acre tract the property of L. P. Palmer et ux. It is contended by appellants that the 1.97-acre tract is no part of the 13.28-acre tract awarded to Palmer and his wife in the judgment of the court in Gulf Production Company v. Palmer et ux., while appellees contend that said 1.97 acres is in fact a part of said 13.28 acres. In his findings of fact No. IX the court said: "I further find that when said case of Palmer et ux. v. Gulf Production Company et al. was heard, considered and disposed of, both in this court and the Appellate Court, that all the parties thereto and the courts understood, regarded and recognized the location on the ground of the 13.28 acres adjudged to Palmer in that case to be immediately North of and adjoining the south line of the Underton Survey as located by the Surveyor Partlow in' this suit, and that after said judgment became final, Palmer asserted and continued to assert claim to and ownership of said 13.28 acre tract which includes the 1.97 acres in controversy in this suit, and that his assertion of claim and ownership and use and control of said tract of 13.28 acres was such as to charge the plaintiffs with knowledge thereof." In none of appellants' 25 points asserted as ground for appeal do they level error at this finding of the court. So the facts therein stated which stand unchallenged are that the 13.28 acres are the property of Palmer and wife, which they (appellants) still admit, and that the 1.97 acres are contained in the 13.28-acre tract, which appellants deny, but have failed to assert error in the court's finding of fact that said 1.97 acres are included in the larger tract. Several witnesses who had known and been familiar with the land testified that to their knowledge the location of the 13.28-acre tract was situated where appellees contend, and some testified that they had lived on the land, and that said tract did include the 1.97-acre tract. In the latter part of his No. 6 finding of fact, the court found: "I further find that the 1.97 acre tract of land in controversy in this suit, as actually located on the ground, is a part of the above referred to and identified tract of 13.28 acres which was actually involved, litigated and adjudged to Palmer and wife by the appellate judgment above referred to. This has abundant support in the record.

Furthermore, appellants are not entitled to recover the land in controversy, 1.97 acres, because they are now estopped from claiming the location of the land in controversy, the 13.28 acres, elsewhere than that contended for by appellees. As we understand the record, plaintiffs, appellants here, were defendants in the suit No. 5465, Palmer et ux. v. Gulf Production Company et al., and their acts and conduct, both during the trial of that case and subsequent to final judgment in said cause constituted their construction and interpretation of the effect of said judgment as to what area of land was dealt with therein, such construction and interpretation being that the land in controversy in this suit was included and embraced within the 13.28-acre tract adjudged to Palmer and wife by the appellate court judgment, this evidencing their understanding that the 1.97-acre tract here in controversy, the same being included in said 13.28-acre tract, was by said appellate court judgment awarded with the 13.28-acre tract to the Palmers. Wherever the 13.28 acres was located since that time appellants have had knowledge of the management and control of the said 1.97 acres of land, that Palmer built stock pens on said land and for many years used same in the management of his stock, rented the use of said pens and collected annually the rent and appropriated the income to his own use and benefit, knew of renting same for the erection thereon of a large commercial "holland" sign which for years occupied said 1.97 acres, leased the right to explore same for the development of oil, and the lessee took possession, put down a well several hundred feet, wherein oil was found but not in paying quantities, that second well by another lessee was sunk to a depth of some 1200 feet, but abandoned, and finally the Campbell well under a lease to the Campbell company was bored at great expense and oil found in paying quantities, and after which appellants filed this suit, they not having theretofore made any complaint although knowing of the various uses to which Palmer, the owner, and his lessees, were putting the land to, and the great expense said efforts and uses were costing them, but made no objections until the Campbell well proved to be a paying proposition. It is the well settled law in Texas that a party may by his acts and conduct through the years be estopped from questioning a boundary line acted upon by another, even though such line may not be in truth and in fact the true bound-

ary line. Glasscock v. Bradley, Tex.Civ. App., 152 S.W.2d 439. Appellants, under all the facts relative to the 13.28-acre tract, were estopped to claim same. But they insist that they are not suing for the 13.28 acres, but another and different tract of 1.97. Under the positive evidence of several witnesses and Palmer the 1.97 acres are included in and are a part of the 13.28-acre tract. So, appellants' disclaimer of the 13.28 acres carries with it the 1.97 acres, it being a portion of and included in the 13.28-acre tract, and as appellant disclaimed as to the 13.28 acres, it must be held they also disclaimed as to the 1.97 acres too, it being a portion of the 13.28-acre tract and there being no exception or reservation in the disclaimer as to any part of the said 13.28 acres. We might add that in April, 1921, in the case of Gulf Production Company et al. v. Palmer et ux., to which most of the parties to the instant case were parties there, tried in Liberty County, Texas, and where the title to the Underton Survey was involved, Palmer claiming title to the same 13.28 acres and it was litigated and title as between the contending parties adjudged, and the court who tried the case made, held and announced the finding that: "Appellants disclaimed as to the 13.28 acres of land conveyed to Palmer by Moor by the deed dated the 22nd day of July, 1885, and by appropriate pleas put in issue the title to the remaining 6.72 acres claimed by plaintiff in his petition." That admission of title to the 13.28-acre tract to be in Palmer, and which he still claims, settles any controversy as to its ownership, and since the evidence showed positively that 1.97 acres claimed and held by Palmer and for which appellants sue, is a part of and included in the said 13.28 acres, then on their own admissions, we think, they should be held to have no title to said 1.97 acres, and the court did not err in so adjudging.

Palmer and his tenants have continuously for more than twenty years occupied, used and claimed said 13.28-acre tract of land without any sort of interruption or adverse claim being asserted by plaintiffs, or any other person, and so had title to the same by limitation, including the 1.97 acres as portion thereof, and the court did not err in so adjudging said land to appellees.

From what we have said the judgment should be affirmed, and it is so ordered.

Affirmed.